[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Barbara Kostrzewski appeals the decision of the defendant commissioner of motor vehicles suspending her operator's license for one year pursuant to General Statutes §§ 14-111c and 14-227a. The commissioner found that the plaintiff had been convicted of driving under the influence of alcohol in the state of Florida. The commissioner determined that under the Driver License Compact, codified at General Statutes § 14-111c, the plaintiff was subject to a one year suspension of her operator's license. Plaintiff appeals pursuant to General Statutes § 4-183. The court finds the issues in favor of the defendant commissioner.
Florida and Connecticut are both member states in the Compact. Pursuant to the terms of the Compact, the state of Florida sent notification to the Connecticut department of motor vehicles indicating that the plaintiff was convicted of driving under the influence of alcohol in Florida on March 27, 1996.
Upon receipt of the notice from Florida, the Connecticut department sent the plaintiff a notice proposing to suspend her Connecticut driver's license for a period of one year pursuant to General Statutes § 14-111c and scheduling a hearing.
On November 1, 1996, the department conducted a hearing on the license suspension before a hearing officer designated by the commissioner. Following the hearing, the hearing officer rendered a final decision. The hearing officer found that the plaintiff had been convicted under Florida law prohibiting driving under the influence of alcohol. Accordingly, the hearing officer ordered a suspension of the plaintiff's license for one year pursuant to General Statutes § 14-111c. The specific basis of the suspension was the provision in General Statutes §14-111c, Article IV(a), requiring that the commissioner "shall give the same effect to the conduct reported . . . as (the commissioner) would if such conduct had occurred in (Connecticut), in the case of convictions for . . . (2) Driving a CT Page 7068 motor vehicle while under the influence of intoxicating liquor. . . ." The hearing officer noted that the penalty upon conviction of driving under the influence of alcohol in Connecticut includes suspension of the person's license for one year. See General Statutes § 14-227a(h).
The plaintiff advances a myriad of arguments in support of her appeal, which the court addresses separately below.
Admissibility of Florida Notice
The plaintiff contends that the hearing officer should not have admitted in evidence the notification received from Florida because there is no proof that it was sent by the Florida motor vehicle department. She points out that Article III of the Compact specifies that the "licensing authority" of the state where the conviction occurred shall report the conviction to the Connecticut motor vehicle department.
The Florida document received by the Connecticut department is, on one side, the original traffic ticket citing the plaintiff on the drunk driving charge. It states the Florida drunk driving statute, § 316.193, the date and time of the offense, and the alleged blood alcohol level of the plaintiff, .194% and .193%. The ticket bears the original signatures of the plaintiff and the arresting police officer. The other side of the document relates that it is an abstract of the court record showing the final adjudication of the case. It indicates that the plaintiff pleaded nolo contendere to the drunk driving charge; that the plaintiff was found guilty; that the plaintiff was fined and placed on probation; and that the court ordered her driving privileges revoked for a period of six months. This abstract indicates that the judgment was entered on March 27, 1996 and that it was reported to the Florida department of motor vehicles on April 2, 1996. The abstract indicates the name of the judge presiding over the case, and it bears an original signature, although the signer does not indicate her title or position.
Another document, not in the record but appended to the plaintiff's petition in this appeal as Exhibit A, is a copy of the court's written order, setting forth the conviction following the plaintiff's nolo plea and placing the plaintiff on probation. This document is consistent with the abstract of the court's record, described above, and it is signed by the plaintiff. It constitutes an admission by the plaintiff of its contents. It CT Page 7069 essentially nullifies any argument that the document admitted in evidence at the hearing is not reliable.
Our courts have repeatedly pointed out and emphasized that the rules of admissibility of evidence in administrative proceedings are considerably more relaxed than those that pertain in court proceedings. General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v. Civil Service Commission,4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987).
In the present case, in addition to the plaintiff's admission in her petition on appeal, the document itself bears many indicia of reliability, including the signature of the plaintiff. The fact that there is no evidence to show whether it was the Florida department of motor vehicles or the Florida court that forwarded it to Connecticut is of no significance. The hearing officer correctly admitted the document in evidence and used it to support his final decision.
The Nolo Contendere Plea
The plaintiff argues that evidence of her plea of nolo contendere should not have been admitted in evidence at the administrative hearing because it does not constitute an admission of guilt.
The plaintiff's argument misses the point. The Connecticut commissioner acts on the basis of an out-of-state conviction.
It does not matter how the conviction was obtained, whether by guilty plea, or by trial after a plea of not guilty, or, as in this case, by a finding of the court after a plea of nolo contendere. The plaintiff's conviction in another state, by any means, triggers the reciprocal action in Connecticut.
Since it is the fact of the conviction that is relevant to the Connecticut commissioner's decision, not the nature of the plea that produced the conviction, the admission of evidence concerning that plea constituted no prejudice to the plaintiff.
Constitutional Arguments
The plaintiff argues that the provisions of the Compact are CT Page 7070 unconstitutional. She cites no authority for this theory that specifically refers to the Compact.
Duly enacted statutes are presumed to be constitutional, and a plaintiff who challenges a statute's validity on constitutional grounds has the burden of proving it to be invalid beyond a reasonable doubt. The plaintiff has not done so in this case. Furthermore, our Supreme Court in Hickey v. Commissioner ofMotor Vehicles, 170 Conn. 136 (1976), essentially rejected the plaintiff's arguments. They may not be sustained.
Equal Protection
The plaintiff argues that suspending her license in Connecticut on the basis of her drunk driving conviction in Florida denied her equal protection of the law. Specifically, she claims that she would have been eligible for the alcohol education program in Connecticut, which, if granted and successfully completed, would have resulted in the dismissal of the criminal charge.
This court has previously considered and rejected essentially the same arguments in Pronger v. Commissioner of MotorVehicles, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV94 07 54 48 (September 12, 1995, Maloney, J.). The same reasoning applies with equal force here. The plaintiffs arguments may not be sustained.
Violation of the Compact Clause
The plaintiff offers no authority for this theory that the Compact is unconstitutional. The argument may not be sustained.
Similarity of Florida and Connecticut Statutes
The court has examined the applicable statutes. The primary difference is that Florida establishes .08% as the blood alcohol benchmark, whereas the comparable limit in Connecticut is .10% Since the plaintiff's level in this case was found to be .194 and .193, which is in flagrant violation of both statutes, the difference in the legal limits is of no significance.
Sufficiency of Evidence as to Identity and Conduct
This argument does not seem to pertain to this case and CT Page 7071 perhaps was included in plaintiff's brief by mistake. If it was intended to support this appeal, it is without merit.
Adequacy of Florida Report
The plaintiff argues that the Florida document should not have been admitted in evidence because it does not precisely conform to the specifications in Article III of the compact. As indicated above, the report was correctly admitted. Furthermore, any deviations from the substance of the requirements in Article III are insignificant. The argument may not be sustained.
Double Jeopardy
The plaintiff claims that the Connecticut license suspension after the conviction and punishment in Florida amounts to double jeopardy. Our courts have rejected this argument. State v.Hickham, 235 Conn. 614 (1995); Pronger v. Commissioner, supra. The argument may not be sustained.
For all of the foregoing reasons, the appeal is dismissed.
MALONEY, J.